*58 OPINION.
Van Fossan :
The single question for determination is whether or not petitioner is entitled to deduct from its taxable income earned within the United States a ratable part of losses carried in its “Reorganization Loans”, it being contended by petitioner that such losses can not definitely be allocated to any item or class of its gross income. The pertinent provisions of the Revenue Act *59 of 1926 are found in section 234 (a) (1) (4) and (5), section 234 (b), and section 217 (e).[1]
Under the above provisions and the pertinent regulations, the facts as to the case are controlling. If the accounts giving rise to the losses claimed are of such character that they can not be attributed to any item or class of gross income a ratable part of the expenses or losses is to be allowed as a deduction from such gross income separately allocated to sources within the United States. The burden is on the petitioner to prove that the deductions are of such a character as to make them allowable.
Here the losses included in the account styled “Reorganization Uoans” were suffered on loans made to financial houses, chiefly Marx & Co.’s Bank of Rotterdam. The loss of 4,000,000 guilders in 1927 was exclusively on the Marx & Co’s Bank account. The losses are thus clearly identified with specific accounts of banks located in Holland. Moreover, the proceeds of these loans were further advanced by the bank to other concerns doing business in Holland.
Though it appears that petitioner was motivated by a patriotic impulse of striving to preserve the parity of the guilder, this fact can not obscure the other fact that the actual transactions were identifiable and related to identifiable accounts. The loans bore interest *60 and interest was collected. Neither the names by which an account is denominated nor the maimer of keeping accounts is controlling. The determination of taxable income is a practical matter governed by specific statutes and regulations. It is our opinion that to hold that these losses, suffered on clearly identifiable accounts, were so related to the national policy of Holland as to make them deductible from gross income within the United States as items not susceptible of allocation would require us to shut our eyes to the obvious facts. The simple fact seems to be that, whatever the motive that impelled the loans, they were losses suffered on specific accounts "in Holland and should be allocated to income earned in Holland.
The corollary of this line of thought is to consider the “Reorganization Loans” from their relation to the earning of income within the United States. The applicable statute (section 234 (b)) allows deductions “only if and to the extent that they are connected with income” within the United States. The remainder of the statute allowing a ratable part of items which can not definitely be allocated does not purport to be based on any other premise. The concept underlying this provision is that some part of such items is related to the earning of income within the United States. This relationship to the income within the United States must be apparent, although the determination of the amount may be left to more or less arbitrary allocation. On the record before us we must hold that the petitioner has not proved the existence of this relationship.
The cases of Fajardo Sugar Co. of Porto Rico, 20 B. T. A. 980, and the Texas Land & Mortgage Co., Ltd., 30 B. T. A. 861 (petition to review dismissed July 25, 1935, C. C. A. (5th Cir.), have been cited by the petitioner. Those cases, however, afford us little assistance in deciding the case before us. In the Fajardo Sugar Co. case the petitioner claimed as a deduction the ratable part of certain so-called “operating charges.” We held that the evidence established that substantially all of such expenditures were allocable to income produced outside of the United States and that the petitioner had not sustained its burden of proof of showing such amounts should be apportioned ratably. In the Texas Land & Mortgage Co., Ltd., case the question at issue was whether or not certain losses chargeable against income from sources within and without the United States should be deducted before arriving at the “ratable part” of unal-locable expenses deductible from the petitioner’s gross income from sources within the United States. We held that they should not be deducted. In both cases we followed the obvious import of the statutory language.
*61 We are of the opinion and hold that petitioner has not proved respondent’s determination to be in error.
Reviewed by the Board.

Decision will be entered under Rule 50.

 Sec. 234. (a) In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *.
* $ $ $ $ # $
(4) Losses sustained during the taxable year and not compensated for by insurance or ■otherwise. * * *
(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow ■such debt to be charged off in part.
(b) In the ease of a foreign corporation or of a corporation entitled to the benefits of section 262 the deductions allowed in subdivision (a) shall be allowed only if and to the ■extent that they are connected with income from sources within the United States; and the proper apportionment and allocation of the deductions with respect to sources within and without the United States shall be determined as provided in section 217 under rules and regulations prescribed by the Commissioner with the approval of the Secretary.
Sec. 217. (e) Items of gross income, expenses, losses and deductions, other than those specified in subdivisions (a) and (c), shall be allocated or apportioned to sources within or without the United States under rules and regulations prescribed by the Commissioner with the approval of the Secretary. Where items of gross income are separately allocated to sources within the United States, there shall be deducted (for the purpose of computing the net income therefrom) the expenses, losses and other deductions properly apportioned or allocated thereto and a ratable part of other expenses, losses or other deductions which can not definitely be allocated to some item or class of gross income. The remainder, if any, shall be included in full as net income from sources within the United States. In the ease of gross income derived from sources partly within and partly without the United States, the net income may first be computed by deducting the expenses, losses or other deductions apportioned or allocated thereto and a ratable part of any expenses, losses or other deductions which can not definitely be allocated to some items or class of gross income; and the portion of such net income attributable to sources within the United States may be determined by processes or formulas of general apportionment prescribed by the Commissioner with the approval of the Secretary. * * *